# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED CANNABIS PATIENTS AND CAREGIVERS OF MAINE,  DAWSON JULIA, and CHRISTIAN J. RONEY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MAINE DEPARTMENT OF ADMINISTRATIVE AND FINANCIAL SERVICES, and KIRSTEN FIGUEROA, as Commissioner, | ) ) ) ) ) |
| Defendants | ) ) |
| and | ) ) |
| THEORY WELLNESS OF MAINE, LLC, THEORY WELLNESS OF MAINE MANUFACTURING, LLC, THEORY WELLNESS OF MAINE CULTIVATION, LLC, CANNABIS CURED CULTIVATION, LLC, MAINELY BAKED, LLC, FULL SPECTRUM SOLUTIONS, LLC, and NORTHLAND BOTANICALS, LLC | ) ) ) ) ) ) ) ) ) ) |
| Parties-in-Interest | ) |

Case No.

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND PETITION FOR REVIEW OF STATE AGENCY ACTION

Plaintiffs United Cannabis Patients and Caregivers of Maine, Dawson Julia, and Christian J. Roney, by their undersigned counsel, state the following as their Complaint for Declaratory Judgment and Petition for Review of State Agency Action against the Maine Department of Administrative and Financial Services and Kirsten Figueroa, in her official capacity as Commissioner of the Department of Administrative and Financial Services.

## Introduction

1.      The Maine Legislature has enacted laws at 28-B M.R.S. § 202(2) prohibiting issuance of any adult use marijuana establishment license to any person or entity that its not a Maine resident (the "Residency Requirement").  The Maine Department of Administrative and Financial Services is charged with enforcing Maine's Marijuana Legalization Act, 28-B M.R.S. §§ 101 *et seq.* (the "Act"), including the Maine Residency Requirement. The Department, nonetheless, has proceeded to issue Maine adult use marijuana establishment licenses in knowing contravention of the Residency Requirement based on its independent but erroneous conclusion that the Dormant Commerce Clause of the United States Constitution voids Maine's Residency Requirement. Acting on its own interpretation of law, the Department then issued active, adult-use marijuana establishment licenses to seven entities, named herein as Parties-in-Interest, that are owned and/or operated by non-Maine owners, in apparent violation of the Residency Requirement.

2.       Plaintiffs ask the Court to enter judgment pursuant to 28 U.S.C. § 2201 declaring that the Residency Requirement does not violate the Dormant Commerce Clause. Plaintiffs additionally ask the Court to enter judgment pursuant to 5 M.R.S.A. §§ 11001 and 11007, vacating the Department's final action to issue adult-use marijuana licenses to each of the Parties-in-Interest in violation of the Marijuana Legalization Act when it failed to consider whether applicants complied with the Residency Requirement before issuing active marijuana establishment licenses and when it issued active marijuana establishment licenses to the Parties-in-Interest who fail to meet the statutory requirements of the Act.  Finally, Plaintiff ask the Court to enjoin the Department from issuing an active adult use marijuana license to (i) any individual or entity in violation of the Residency Requirement or (ii) any individual or entity whose license

2

application was processed by the Department without review of residency status based its

independent but erroneous interpretation of the Dormant Commerce Clause.

## Jurisdiction and Venue

3.      This is an action seeking a declaration of a federal question pursuant to 28

U.S.C. §§ 2201 and 2202 regarding the application of the United States Constitution's Dormant

Commerce Clause the federal question relates to the Department's final issuance of adult-use

marijuana establishment licenses to the Parties-in-Interest without regard for the entities'

prerequisite compliance with Maine's Residency Requirement.

4.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant

to 28 U.S.C. § 1331; and has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 to grant

declaratory and injunctive relief.

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over

claims arising from the same controversy brought herein pursuant to the Maine Administrative

Procedures Act, 5 M.R.S. §§ 11001-11008.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the

Department's acts occurred entirely within the State of Maine.

## The Parties

7.      Plaintiff United Cannabis Patients and Caregivers of Maine, a/k/a United

Cannabis Coalition of Maine ("United Cannabis"), is a Maine non-profit corporation with its

primary place of business located in Unity, Maine. United Cannabis is composed of individual

members and businesses that are residents of the State of Maine, as defined by 28-B M.R.S.A. §§

102(48) and 202(2).

3

8.      Plaintiff Dawson Julia is a citizen of South China, Maine, who owns and operates a licensed medical caregiver store in Unity, Maine.

9.      Plaintiff Christian J. Roney is a citizen of Waterville, Maine, who has applied for an adult use marijuana license from the Department in full compliance with the Residency Requirement.

10.     Defendant the Department of Administrative and Financial Services is the Maine administrative agency responsible for implementing, administering, and enforcing Maine's Marijuana Legalization Act, 28-B M.R.S. § 104(1), and its principal place of business is in Augusta, Maine (the "Department").

11.     Defendant Kirsten Figueroa is the Commissioner of the Department and is named in her official capacity as Commissioner.

12.     Party-in-Interest Theory Wellness of Maine, LLC is a Maine limited liability company that received an active marijuana establishment license from the Department on September 8, 2020, for an adult use store in South Portland, Maine.

13.     Party-in-Interest Theory Wellness of Maine Manufacturing, LLC is a Maine limited liability company that received an active marijuana establishment license from the Department on September 23, 2020, to operate a product manufacturing facility in Waterville, Maine.

14.     Party-in-Interest Theory Wellness of Maine Cultivation, LLC is a Maine limited liability company that received an active marijuana establishment license from the Department on September 23, 2020, to operate a cultivation facility in  Waterville, Maine.

4

15.     Party-in-Interest Mainely Baked, LLC is a Maine limited liability company that received an active marijuana establishment license from the Department on September 23, 2020, to operate a products manufacturing facility in Fairfield, Maine.

16.     Party-in-Interest Full Spectrum Solutions, LLC is a Maine limited liability company that received an active marijuana establishment license from the Department on October 2, 2020, to operate a products manufacturing facility in Fairfield, Maine.

17.     Party-in-Interest Cannabis Cured Cultivation, LLC is a Maine limited liability company that received an active marijuana establishment license from the Department on September 23, 2020, to operate a cultivation facility in Fairfield, Maine.

18.     Party-in-Interest Northland Botanicals, LLC is a Maine limited liability company that received an active marijuana establishment license from the Department on September 23, 2020, to operate an adult use store in Stratton, Maine.

## Facts Common to All Counts

### The Marijuana Legalization Act and Residency Requirement

19.     In 2018, the Maine Legislature amended the Marijuana Legalization Act and established the regulatory framework for the sale of adult use recreational marijuana in Maine.

20.     The Act provides that applicants "for a license to operate a marijuana establishment *must* meet each of the" general licensing criteria.   28-B M.R.S.A. § 202 (emphasis added).

21.     The Residency Requirement criteria set out in 28-B M.R.S.A. § 202(2), is one of the general licensing criteria and specifically states:

> **Resident.** If the applicant is a natural person, the applicant must be a resident. If the applicant is a business entity:

A. Every officer, director, manager and general partner of the business entity must be a natural person who is a resident; and

B. A majority of the shares, membership interests, partnership interests or other equity ownership interests as applicable to the business entity must be held or owned by natural persons who are residents or business entities whose owners are all natural persons who are residents.

22.    Additionally, 28-B M.R.S.A. § 102(48) of the Act defines "resident" as:

[A] natural person who:

A. Has filed a resident individual income tax return in this State pursuant to Title 36, Part 8 in each of the 4 years prior to the year in which the person files an application for licensure under this chapter. This paragraph is repealed June 1, 2021.

B. Is domiciled in this State; and

C. Maintains a permanent place of abode in this State and spends in aggregate more than 183 days of the taxable year in this State.

23.    The Act provides that the Department "shall implement, administer and enforce this chapter and the rules adopted pursuant to this chapter," and also grants the Department the "sole authority" to "[g]rant or deny applications for licensure of marijuana establishments under this chapter." 28-B M.R.S.A. § 104(1).

24.    The Department issued final rules to govern the adult use marijuana industry in Maine.  The major substantive rules took effect in late 2019 and routine technical rules took effect in September of 2020.  *See* 18-691 C.M.R. ch. 1 – Adult Use Marijuana Program.  These rules incorporate the Residency Requirement as provided by the Act.  *See* 18-691 C.M.R. ch. 1, § 2.3.1(B); 18-691 C.M.R. ch. 1, § 2.3.2(C).

25.    Accordingly, as provided by the Act and the Department's Rules, in order for the Department to issue an application for a license to operate an adult use marijuana establishment in Maine, the applicant must meet the Residency Requirement.

## The Department's Licensing Process

26.     In accordance with the Act and the Department's Rules, an applicant for a marijuana establishment license must first receive a "conditional license" "if the applicant meets all applicable requirements for licensure under this chapter and the rules adopted pursuant to this chapter." 28-B M.R.S.A. § 205(3)

27.     The "applicable requirements for licensure" pursuant to the Act include the Residency Requirement.

28.     After an applicant demonstrates that it meets all of the licensing criteria and receives a conditional license from the Department, the applicant must then prove that has obtained the necessary local authorization from the municipality in which it intends to operate. 28-B M.R.S.A. § 205(4).

29.     After the applicant demonstrates it has obtained the necessary local authorizations, the next step is for the Department to determine whether the applicant can receive a final, active license to operate as a marijuana establishment.

30.     When determining whether to grant an active license, the Act provides that the Department "shall require an applicant that has been issued a conditional license to submit information necessary for the department to determine that the applicant *continues to meet all applicable requirements for conditional licensure under this subchapter*."  28-B M.R.S.A. § 205(4) (emphasis added).

31.     The Residency Requirement remains an "applicable requirement[]" pursuant to the Act for conditional licensure.

32.    Pursuant to the Act and the Department's Rules, therefore, the Department is required to determine whether an applicant continues to comply with the Residency Requirement before it can issue an active marijuana establishment license to an applicant.

### The Department's Non-Enforcement
### of the Residency Requirement

33.    On or about May 11, 2020, the Department issued a public notice stating that the Department would "cease enforcement of the State of Maine's adult use marijuana program residency requirements" contrary to the statutory obligation requiring the Department to enforce all provisions of the Act.

34.    Thereafter, the Department stopped collecting certain data from adult-use marijuana license applicants necessary to confirm compliance with the Act's Residency Requirement.

35.    Specifically, on May 12, 2020, the Department revised its licensure application process by removing several forms from its application materials website that were designed to ensure that applicants provide sufficient information for the Department to ensure satisfaction of the Residency Requirement, including the Adult Use Marijuana Establishment Principal Attestation form.

36.    The Maine Legislature has not modified the Act to remove or amend any part of the Residency Requirement.

37.    Through the Department's changes to its application materials, the Department has violated the Residency Requirement and the Act by failing to consider a licensee's residency status before issuing an active license.

38.     The Department has, therefore, acknowledged its violation of the statutory mandates in the Act and it is actively violating the statutory mandates of the Act when processing conditional and active marijuana establishment licenses.

39.     The Department's violation of its statutory licensure obligations is predicated on the belief that the Residency Requirement violates the Dormant Commerce Clause.

40.     The Department represents that its nonenforcement of the Act's Residency Requirement is based upon the Maine Attorney General's independent interpretation that the Residency Requirement violates the Dormant Commerce Clause of the United States Constitution.

41.     No court of competent jurisdiction, including this Court, nor any state court, any federal Court of Appeals nor the United States Supreme Court has issued any final judgment declaring that the Dormant Commerce Clause bars state marijuana laws that create competitive advantage for state residents engaged in a state-sanctioned marijuana industry.

### The Department's Issuance of Active Licenses

42.     On September 8, 2020, the Department issued the first set of final active licenses to operate marijuana establishments in Maine.

43.     Because the Department has publicly admitted that it is not enforcing the Residency Requirement, it violated the Act and its rules when it issued active licenses by failing to consider whether applicants complied with the Residency Requirement.

44.     The Department publicly discloses certain information regarding each license its issues through its website's "Open Data" system, which is available at the website https://www.maine.gov/dafs/omp/open-data/adult-use.

9

45.     Plaintiffs cannot independently verify each licensee's compliance with the Residency Requirement because the Department does not publicly disclose application materials, such as applicants' Attestation Form, necessary to determine residency status.

46.     Because applicants can expressly indicate information in their application as confidential or not subject to disclosure, *see* 18-691 C.M.R. ch. 1, § 2.3.2(E), the information regarding an applicant's equity ownership interests is not publicly available.

47.     The equity ownership interests of an applicant's members or investors, which are necessary to determine compliance with the Residency Requirement, are not publicly available through any other means, such as the Secretary of State's corporate registration records.

48.     Based on the lack of publicly available information regarding an applicants equity ownership interests, the Department's admission that it will not enforce the Residency Requirement, and the Department's changes to its application materials and processes, Plaintiffs allege that the Department is violating the Residency Requirement by failing to consider residency status as directed by the Act and its Rules.

49.     Based on information and belief, including the publicly available information identifying the individuals and entities with an ownership interest in the Parties-in-Interest who are not Maine residents as defined by the Act, Plaintiffs believe and therefore allege that the Parties-in-Interest fail to comply with the Residency Requirement.

50.     The Departments issuance of final active licenses to the Parties-in-Interest, therefore, violates the Residency Requirement and the Act.

### Harm to Plaintiffs

51.     United Cannabis is a marijuana business trade group supporting Maine resident adult-use and medical marijuana businesses through networking and advocacy.

10

52.     United Cannabis is relied upon by member entities to provide accurate information regarding the Maine marijuana industry and has suffered harm caused by the Department's failure to collect and report complete and accurate data regarding license applicant's residency status.

53.     Plaintiff Dawson Julia and Plaintiff Christian Roney additionally operate licensed medical marijuana storefronts, as provided by 22 M.R.S.A. §§ 2421 *et seq.*, as caregivers involved with the cultivation and sale of medical marijuana.

54.     Plaintiffs were not parties to the proceedings through which the Department issued active adult-use marijuana licenses to the Parties-in-Interest.

55.     Plaintiff Christian Roney has additionally applied for an adult use marijuana license in compliance with all requirements of the Act, including the Residency Requirement.

56.     The Residency Requirement's limited eligibility for adult use marijuana establishments for Maine residents was intended to provide an economic advantage to Plaintiffs that is diminished by the Department's issuance of active licenses to the Parties-in-Interest.

57.     Plaintiffs have reasonably relied upon the economic advantage provided by the Residency Requirement in the Act and the Department's Rules.

58.     Issuance of an adult use marijuana license to any individual or entity that cannot comply with all requirements of the Act injures Plaintiffs by wrongfully increasing economic competition to Plaintiffs' business operations from entities that the Maine Legislature expressly excluded from Maine's marijuana marketplace.

59.     The Department's issuance of adult-use marijuana establishment licenses to the Parties-in-Interest without regard for their compliance with the Act's Residency Requirement

harms Plaintiffs through the creation of unlawful competition within Maine's marijuana marketplace that was not contemplated or permitted pursuant to the Act.

60.     Business operations of United Cannabis's members, including Plaintiffs Julia and Roney, are economically harmed by unlawful market competition arising from Department's issuance of adult-use licenses to the Parties-in-Interest in violation of the Act's Residency Requirement.

61.     Plaintiffs' business operations are further harmed by the Department's interpretation of the Dormant Commerce Clause because the Departments' declaration of non-enforcement of the Residency Requirement has increased market competition from out-of-state entities seeking to lease property for commercial marijuana usage, causing Plaintiff Roney, in particular, to lose a leased commercial growing warehouse to a higher bidder who was a non-resident entity.

62.     Plaintiffs have all invested in their Maine marijuana businesses and developed and tailored their anticipated business operations in reliance on the express language of the Department's Rules and the Act, including the Residency Requirement.

**COUNT I**
**Declaratory Judgment**
**(28 U.S.C. § 2201)**

63.     Plaintiffs repeat and reallege every fact set forth above as if fully set forth herein.

64.     Plaintiffs have standing to bring this federal question both as Maine residents seeking lawful enforcement of Maine law and as the economic beneficiaries of the competitive advantage that the Maine Legislature intended for resident marijuana businesses through its enactment of the Marijuana Legalization Act's Residency Requirement.

65.     An actual controversy exists as to the Department's misinterpretation and/or misapplication of the Dormant Commerce Clause as the basis to disregard controlling provisions of the Marijuana Legalization Act barring issuance of any adult-use marijuana license in violation of the Act's Residency Requirement.

66.     Application of the Dormant Commerce Clause to invalidate Maine's Residency Requirement is not settled law.

67.     The Supreme Court has long held, and recently reiterated, that "Dormant Commerce Clause restrictions apply only when Congress has not exercised its Commerce Clause power to regulate the matter at issue." *Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449, 2465 (2019).

68.     Congress invoked its Commerce Clause power to pass the Controlled Substances Act rendering marijuana a federally scheduled drug that cannot lawfully be exchanged in interstate commerce. *See Gonzales v. Raich*, 545 U.S. 1, 15 (2005).

69.     Furthermore, since fiscal year 2014, Congress has passed appropriations riders barring the Department of Justice from using taxpayer funds to prevent states from implementing their own laws that authorize state-administered marijuana industries authorizing the use, distribution, possession, or cultivation of medical marijuana within particular states. *See, e.g.*, Pub. Law 116-93, 133 Stat. 2431, Sec. 531 (Dec. 20, 2019).

70.     Through the appropriation riders, Congress expressed an intent that states such as Maine are free from federal interference in the regulation of state marijuana sales.

71.     No Court has determined the applicability of the Dormant Commerce Clause to any state law that favors state residents engaged in a state-sanctioned adult-use marijuana marketplace.

72.     Courts applying the Dormant Commerce Clause to municipal ordinances that established local preference for marijuana businesses have reached conflicting opinions on the Dormant Commerce Clause's application to the marijuana industry. *Compare Sladek v. Town of Palmer Lake, Colo.*, No. 13-cv-02165-PAB/MEH, 2014 WL 789080, at *5 (D. Colo. Feb. 27, 2014) (holding that residency requirements for marijuana business owners "cannot burden interstate commerce, incidentally or otherwise, because federal law prohibits the sale of marijuana") *with  NPG, LLC v. City of Portland*, No. 2:20-cv-00208-NT, 2020 WL 4741913, at *10 (D. Me. Aug. 14, 2020) (entering preliminary finding that local preference ordinance could violate commerce clause).

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment pursuant to 28 U.S.C. § 2201, for the Plaintiffs and against the Department, declaring that the Maine Marijuana Legalization Act's Residency Requirement does not offend the Dormant Commerce Clause, or any other provision of the United States Constitution.

## COUNT II
### Review of Agency Action Issuing License
### to Theory Wellness of Maine, LLC
### (5 M.R.S.A. §§ 11001, *et seq.*)

73.     Plaintiffs repeat and reallege the preceding paragraphs as fully stated herein. Plaintiffs repeat and reallege every fact set forth above as if fully set forth herein.

74.     The Department's issuance of active licenses to marijuana establishments constitutes final agency action as defined by the Maine Administrative Procedures Act.

75.     The Department is required by law to enforce all requirements of the Maine Marijuana Legalization Act, including the Residency Requirement before issuing any adult-use marijuana establishment licenses to any applicant.

76.     The Department violated state law when it issued an active marijuana establishment license to Theory Wellness of Maine, LLC on September 8, 2020 without confirming whether the entity complied with the Residency Requirement as required by provisions of the Marijuana Legalization Act.

77.     Theory Wellness of Maine, LLC represents that it is owned in part by a non-Maine entity.

78.     Upon information and belief, Theory Wellness of Maine, LLC does not comply with the Act's Residency Requirement because a non-resident entity holds more than a 50% equity ownership interest.

79.     Even if Theory Wellness of Maine, LLC does comply with the Residency Requirement, the Department's issuance of a license violated the Act when it failed to inquire into or confirm Theory Wellness of Maine, LLC's residency status.

80.     The Department's violation of the Act and its own rules was arbitrary and capricious and otherwise in violation of its statutory authority pursuant to the Maine Administrative Procedures Act.

WHEREFORE, Plaintiffs request that this Court enter judgment against the Department and Theory Wellness of Maine, LLC, pursuant to 5 M.R.S.A. §§ 11001, *et seq.* vacating the Department's issuance of an adult-use marijuana license to the entity in violation of controlling law.


### COUNT III
### Review of Department Action Issuing License
### to Theory Wellness of Maine Manufacturing, LLC
### (5 M.R.S.A. §§ 11001, *et seq.*)

81.     Plaintiffs repeat and reallege every fact set forth above as if fully set forth herein.

82.     The Department's issuance of active licenses to marijuana establishments constitutes final agency action as defined by the Maine Administrative Procedures Act.

83.     The Department is required by law to enforce all requirements of the Maine Marijuana Legalization Act, including the Residency Requirement before issuing any adult-use marijuana establishment licenses to any applicant.

84.     The Department violated state law when it issued an active marijuana establishment license to Theory Wellness of Maine Manufacturing, LLC on September 23, 2020 without confirming whether the entity complied with the Residency Requirement as required by provisions of the Marijuana Legalization Act.

85.     Theory Wellness of Maine Manufacturing, LLC represents that it is owned in part by a non-Maine entity.

86.     Upon information and belief, Theory Wellness of Maine Manufacturing, LLC does not comply with the Act's Residency Requirement because a non-resident entity holds more than a 50% equity ownership interest.

87.     Even if Theory Wellness of Maine Manufacturing, LLC does comply with the Residency Requirement, the Department's issuance of a license violated the Act when it failed to inquire into or confirm Theory Wellness of Maine Manufacturing, LLC's residency status.

88.     The Department's violation of the Act and its own rules was arbitrary and capricious and otherwise in violation of its statutory authority pursuant to the Maine Administrative Procedures Act.

WHEREFORE, Plaintiffs request that this Court enter judgment against the Department and Theory Wellness of Maine Manufacturing, LLC, pursuant to 5 M.R.S.A. §§ 11001, *et seq.*

16

vacating the Department's issuance of an adult-use marijuana license to the entity in violation of controlling law.

## COUNT IV
### Review of Department Action Issuing License
### to Theory Wellness of Maine Cultivation, LLC
### (5 M.R.S.A. §§ 11001, *et seq.*)

89.     Plaintiffs repeat and reallege every fact set forth above as if fully set forth herein.

90.     The Department's issuance of active licenses to marijuana establishments constitutes final agency action as defined by the Maine Administrative Procedures Act.

91.     The Department is required by law to enforce all requirements of the Maine Marijuana Legalization Act, including the Residency Requirement before issuing any adult-use marijuana establishment licenses to any applicant.

92.     The Department violated state law when it issued an active marijuana establishment license to Theory Wellness of Maine Cultivation, LLC on September 23, 2020 without confirming whether the entity complied with the Residency Requirement as required by provisions of the Marijuana Legalization Act.

93.     Theory Wellness of Maine Cultivation, LLC represents that it is owned in part by a non-Maine entity.

94.     Upon information and belief, Theory Wellness of Maine Cultivation, LLC does not comply with the Act's Residency Requirement because a non-resident entity holds more than a 50% equity ownership interest.

95.     Even if Theory Wellness of Maine Cultivation, LLC does comply with the Residency Requirement, the Department's issuance of a license violated the Act when it failed to inquire into or confirm Theory Wellness of Maine Cultivation, LLC's residency status.

96.     The Department's violation of the Act and its own rules was arbitrary and capricious and otherwise in violation of its statutory authority pursuant to the Maine Administrative Procedures Act.

WHEREFORE, Plaintiffs request that this Court enter judgment against the Department and Theory Wellness of Maine Cultivation, LLC, pursuant to 5 M.R.S.A. §§ 11001, *et seq.* vacating the Department's issuance of an adult-use marijuana license to the entity in violation of controlling law.

**COUNT V**
**Review of Department Action Issuing License**
**to Mainely Baked, LLC**
**(5 M.R.S.A. §§ 11001, *et seq.*)**

97.     Plaintiffs repeat and reallege every fact set forth above as if fully set forth herein.

98.     The Department's issuance of active licenses to marijuana establishments constitutes final agency action as defined by the Maine Administrative Procedures Act.

99.     The Department is required by law to enforce all requirements of the Maine Marijuana Legalization Act, including the Residency Requirement before issuing any adult-use marijuana establishment licenses to any applicant.

100.     The Department violated state law when it issued an active marijuana establishment license to Mainely Baked, LLC on September 23, 2020 without confirming whether the entity complied with the Residency Requirement as required by provisions of the Marijuana Legalization Act.

101.     Mainely Baked, LLC represents that it is owned in part by a non-Maine entity.

102.     Upon information and belief, Mainely Baked, LLC does not comply with the Act's Residency Requirement because a non-resident entity holds more than a 50% equity ownership interest.

103.     Even if Mainely Baked, LLC does comply with the Residency Requirement, the Department's issuance of a license violated the Act when it failed to inquire into or confirm Mainely Baked, LLC's residency status.

104.     The Department's violation of the Act and its own rules was arbitrary and capricious and otherwise in violation of its statutory authority pursuant to the Maine Administrative Procedures Act.

WHEREFORE, Plaintiffs request that this Court enter judgment against the Department and Mainely Baked LLC, pursuant to 5 M.R.S.A. §§ 11001, *et seq.* vacating the Department's issuance of an adult-use marijuana license to the entity in violation of controlling law.

## COUNT VI
### Review of Department Action Issuing License
### to Full Spectrum Solutions, LLC
### (5 M.R.S.A. §§ 11001, *et seq.*)

105.     Plaintiffs repeat and reallege every fact set forth above as if fully set forth herein.

106.     The Department's issuance of active licenses to marijuana establishments constitutes final agency action as defined by the Maine Administrative Procedures Act.

107.     The Department is required by law to enforce all requirements of the Maine Marijuana Legalization Act, including the Residency Requirement before issuing any adult-use marijuana establishment licenses to any applicant.

108.     The Department violated state law when it issued an active marijuana establishment license to Full Spectrum Solutions, LLC on October 2, 2020 without confirming whether the entity complied with the Residency Requirement as required by provisions of the Marijuana Legalization Act.

19

109.    Full Spectrum Solutions, LLC represents that it is owned in part by a non-Maine entity.

110.    Upon information and belief, Full Spectrum Solutions, LLC does not comply with the Act's Residency Requirement because a non-resident entity holds more than a 50% equity ownership interest.

111.    Even if Full Spectrum Solutions, LLC does comply with the Residency Requirement, the Department's issuance of a license violated the Act when it failed to inquire into or confirm Full Spectrum Solutions, LLC's residency status.

112.    The Department's violation of the Act and its own rules was arbitrary and capricious and otherwise in violation of its statutory authority pursuant to the Maine Administrative Procedures Act.

WHEREFORE, Plaintiffs request that this Court enter judgment against the Department and Full Spectrum Solutions, LLC, pursuant to 5 M.R.S.A. §§ 11001, *et seq.* vacating the Department's issuance of an adult-use marijuana license to the entity in violation of controlling law.

### COUNT VII
**Review of Department Action Issuing License
to Cannabis Cured Cultivation LLC
(5 M.R.S.A. §§ 11001, *et seq.*)**

113.    Plaintiffs repeat and reallege every fact set forth above as if fully set forth herein.

114.    The Department's issuance of active licenses to marijuana establishments constitutes final agency action as defined by the Maine Administrative Procedures Act.

115.    The Department is required by law to enforce all requirements of the Maine Marijuana Legalization Act, including the Residency Requirement before issuing any adult-use marijuana establishment licenses to any applicant.

20

116.     The Department violated state law when it issued an active marijuana establishment license to Cannabis Cured Cultivation, LLC on September 23, 2020 without confirming whether the entity complied with the Residency Requirement as required by provisions of the Marijuana Legalization Act.

117.     Cannabis Cured Cultivation, LLC represents that it is owned in part by a non-Maine entity.

118.     Upon information and belief, Cannabis Cured Cultivation, LLC does not comply with the Act's Residency Requirement because a non-resident entity holds more than a 50% equity ownership interest.

119.     Even if Cannabis Cured Cultivation, LLC does comply with the Residency Requirement, the Department's issuance of a license violated the Act when it failed to inquire into or confirm Cannabis Cured Cultivation, LLC's residency status.

120.     The Department's violation of the Act and its own rules was arbitrary and capricious and otherwise in violation of its statutory authority pursuant to the Maine Administrative Procedures Act.

WHEREFORE, Plaintiffs request that this Court enter judgment against the Department and Cannabis Cured Cultivation, LLC, pursuant to 5 M.R.S.A. §§ 11001, *et seq.* vacating the Department's issuance of an adult-use marijuana license to the entity in violation of controlling law.


**COUNT VIII**
**Review of Department Action Issuing License**
**to Northland Botanicals LLC**
**(5 M.R.S.A. §§ 11001, *et seq.*)**

121.     Plaintiffs repeat and reallege every fact set forth above as if fully set forth herein.

21

122.    The Department's issuance of active licenses to marijuana establishments constitutes final agency action as defined by the Maine Administrative Procedures Act.

123.    The Department is required by law to enforce all requirements of the Maine Marijuana Legalization Act, including the Residency Requirement before issuing any adult-use marijuana establishment licenses to any applicant.

124.    The Department violated state law when it issued an active marijuana establishment license to Northland Botanicals, LLC on September 23, 2020 without confirming whether the entity complied with the Residency Requirement as required by provisions of the Marijuana Legalization Act.

125.    Northland Botanicals, LLC represents that it is owned in part by a non-Maine entity.

126.    Upon information and belief, Northland Botanicals, LLC does not comply with the Act's Residency Requirement because a non-resident entity holds more than a 50% equity ownership interest.

127.    Even if Northland Botanicals, LLC does comply with the Residency Requirement, the Department's issuance of a license violated the Act when it failed to inquire into or confirm Northland Botanicals, LLC's residency status.

128.    The Department's violation of the Act and its own rules was arbitrary and capricious and otherwise in violation of its statutory authority pursuant to the Maine Administrative Procedures Act.

WHEREFORE, Plaintiffs request that this Court enter judgment against the Department and Northland Botanicals, LLC, pursuant to 5 M.R.S.A. §§ 11001, *et seq.* vacating the

Department's issuance of an adult-use marijuana license to the entity in violation of controlling law.

**COUNT IX**
**Injunctive Relief**
**(28 U.S.C. § 2202)**

129.    Plaintiffs repeat and reallege every fact set forth above as if fully set forth herein.

130.    The Department and Commissioner Kirsten Figueroa are required to implement the provisions of the Act and the Department's rules when issuing licenses for marijuana establishments.

131.    The Department knowingly violated those requirements by refusing to enforce the Residency Requirement or consider whether an applicant complied with the Residency Requirement when issuing marijuana establishment licenses.

132.    The Department should be enjoined from any further violations of the Act.

133.    Plaintiffs and the general public will both suffer irreparable injury if the injunction is not granted because the Department may be limited in its ability to revoke licenses issued in knowing violation of Maine law.

134.    The aforementioned injury outweighs any harm that granting the injunctive relief could inflict on the Department or its Commissioner.

135.    The public interest will be served by granting the injunction and ensuring lawful application and enforcement of Maine's Marijuana Legalization Act, 28-B M.R.S.A. §§ 101 *et seq*.

WHEREFORE, Plaintiffs request that this Court enjoin the Department and Commissioner Kirsten Figueroa from issuing any adult-use marijuana license to any entity in violation of the Residency Requirement set forth in 28-B M.R.S.A. § 202(2) contrary to the

declaratory judgment of this Court, and grant any other relief that the Court deems necessary and just.

Dated at Portland, Maine, this 19th day of October 2020.

/s/ James G. Monteleone
James G. Monteleone,
Patrick I. Marass,
David A. Soley,

Attorneys for Plaintiffs

BERNSTEIN SHUR
100 Middle Street
P.O. Box 9729
Portland, Maine  04014
207-774-1200
jmonteleone@bernsteinshur.com
pmarass@bernsteinshur.com
dsoley@bernsteinshur.com